UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1755 HEA |
| ) | |
| MARY PARKER, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Expedited Discovery, [Doc. No. 12]. Defendant has responded to the instant motion, and on January 28, 2010, the Court held a hearing on the Motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

Plaintiff brought this action for breach of a Confidentiality and Non-Solicitation Agreement, tortious interference with Plaintiff's relationships with its clients and misappropriation of Plaintiff's trade secrets. Plaintiffs state that Defendant was employed by Plaintiff until April 26, 2009, at which time, she voluntarily left U.S. Bank to join Northern Trust, working in a similar capacity. Plaintiff further alleges that Defendant after joining Northern Trust, Defendant has

been in contact with clients for whom she had service responsibility while employed by Plaintiff, and that several clients have transferred their accounts to her at Northern Trust.  Plaintiff contends Defendant kept and maintained a personal set of records relating to the client accounts for which she had responsibility at Plaintiff Bank and kept certain client contact information on her personal cellular telephone or other electronic information storage device.

Plaintiff seeks expedited discovery to conduct forensic investigation of Defendant's cell phone, PDA and personal computer.

## Discussion

Rule 26(d)(1), Fed.R.Civ.P., provides that a party may not seek discovery from any source before the parties have met and conferred as required by Rule 26(f), Fed.R.Civ.P.  The rule is subject to limited exceptions, including a court order permitting discovery.  Defendant has a pending motion to dismiss and therefore, the parties have not met and conferred.

Courts use one of two standards to determine whether a party is entitled to conduct expedited discovery.  Some courts apply a "good cause" or "reasonableness" standard, while others analyze a set of factors similar to those for obtaining a preliminary injunction.  See *Special Situations Cayman Fund, L.P. v. Dot Com Entertainment Group, Inc.*, 2003 WL 23350128 at *1, n. 7

(W.D.N.Y.2003) (slip op.). The Court of Appeals for the Eighth Circuit has not adopted either standard.

Under the good cause standard, the party requesting expedited discovery must show that the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to responding party. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal.2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D.Ariz.2001). Cf. *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor*, 194 F.R.D. 618, 624 (N.D.Ill.2000) ("[W]here a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request ... on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.")

Under the preliminary injunction-style analysis, the Court believes that Plaintiff is not entitled to expedited discovery. The factors relevant to that inquiry are: "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury [that] will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited

relief is granted." *Cecere v. County of Nassau*, 258 F.Supp.2d 184, 186 (E.D.N.Y.2003). See also *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982). Here, Plaintiffs have not shown the potential for spoliation of evidence and resulting prejudice to it. Defendant has assured the Court and Plaintiff that she will preserve the data on her cell phone and other electronic information storage devices. Plaintiff has not shown any prejudice it is suffering or will suffer and the discovery sought.

## Conclusion

Under either standard, Plaintiff has failed to establish it is entitled to expedited discovery. Defendant has offered and represented to the Court that she will ensure that the evidence sought will not be altered or destroyed. Moreover, Plaintiff has failed to establish any prejudice to it if it is not allowed to conduct expedited discovery. Additionally, Plaintiff's request is based on speculation and supposition that Defendant was attempting to solicit any of Plaintiff's customers. The Court thus finds that Plaintiff has failed to show good cause for conducting expedited discovery and has failed to establish the familiar requirements used in determining whether injunctive relief should issue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Expedited

Discovery, [Doc. No. 12] is denied.

Dated this 10th day of February, 2010

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE