UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1755 HEA |
| ) | |
| MARY L. PARKER, ) | |
| ) | |
| Defendant. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Petition, [Doc. No. 9]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiffs brought this action against Defendant, a former employee, for breach of contract, (Count I); tortious interference with business expectancy, (Count II); and misappropriation of trade secrets, (Count III).

Plaintiff's petition alleges the following:

Defendant was a Wealth Management Advisor in the Private Client Reserve and Asset Management group of Defendant from November 16, 1987 until April, 2009. While employed with Plaintiff, Defendant entered into a Confidentiality and Non-Solicitation Agreement with Plaintiff. As part of the Agreement, Defendant

agreed for a period of one year following her separation from employment with Plaintiff not to contact Plaintiff's clients to solicit their business for any other entity, not to use Plaintiff's confidential information for such purposes, and to immediately return to Plaintiff all confidential information concerning Plaintiff's clients and business.

Defendant is now employed at Northern Trust. Plaintiff alleges that since Defendant's employment with Northern Trust, and in direct violation of the Agreement, Defendant, both directly and through others, has contacted a number of clients in an attempt to induce them to end their relationship with Plaintiff and do business with her at Northern Trust. Plaintiff alleges "on information and belief" that Defendant failed to return to Plaintiff all confidential information, including information about Plaintiff's clients and their accounts, and has maintained such confidential information in written form and/or on her personal computers, cell phones or other electronic information storage devices. Plaintiff claims that contrary to the terms of the Agreement, Defendant has used such confidential information for the purpose of soliciting Plaintiff's clients for Northern Trust.

In support of its claims, Plaintiff alleges that:

> Prior to departure from U.S. Bank, Parker asked one or more U.S. Bank employees how she could transition her clients from U.S. Bank to a new employer. She was advised that she was bound by the terms of the Agreement and that the Agreement prohibited such

contacts with U.S. Bank clients.

Upon information and belief, within a short time after beginning work for Northern Trust, Parker contacted several clients with whom she had established relationships in the course of her employment with U.S. Bank for the purpose of inducing such clients to transfer their accounts to Northern Trust .

On information and belief, Parker used confidential and personal information of these clients of U.S. Bank relating to their investments in making these contacts. Further, on information and belief, Parker created and maintained separate files containing U.S. Bank customer information, either in written form or on her personal cell phone or other electronic information storage device, which she brought with her to Northern Trust.

On information and belief, Parker has continued to contact and solicit U.S. Bank clients, directly and indirectly, to move their business from U.S. Bank to Northern Trust.

Some of the clients solicited by Parker have moved their accounts and others have reported Parkers' contacts and solicitation to U.S. Bank, choosing to remain with the institution and account managers at U.S. Bank who have served them well over the years.

Beginning before or shortly after April 26, 2009, Parker breached her obligations under the Agreement by directly or indirectly soliciting U.S. Bank's clients for the purpose of providing banking, investment or financial services and products in a manner that would benefit Parker and Northern Trust in direct competition with U.S. Bank. Parker retained, duplicated, and used U.S. Bank's Confidential Information, including but not limited to customer names, addresses, telephone numbers and private account information, for the purposes of soliciting, influencing or encouraging U.S. Bank's clients to do business with Parker after she left the employment of U.S. Bank and joined Northern Trust.

Defendant moves for dismissal for failure to state a cause of action.

**<u>Discussion</u>**

When ruling on a motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010); *Zutz v.*

*Nelson,* 601 F.3d 842, 848 (8th Cir. 2010); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**Breach of Contract (Count I)**

Plaintiffs allegations are premised "on information and belief." While Plaintiff sets forth the necessary elements of its claims, there are no supporting factual allegations showing it is entitled to the relief it seeks. Plaintiff **believes** Defendant has retained confidential information and **believes** she has used the information to solicit, directly or indirectly its clients.

Although Count I may include reference to all of the general elements of a

breach of contract claim, it fails to allege sufficient facts respecting those elements to establish the grounds on which the claim rests.  Plaintiff simply alleges that beginning before April 26, 2009, Defendant breached her obligations under the Agreement by directly or indirectly soliciting Plaintiff's clients for the purpose of providing banking, investment or financial services and products in a manner that would benefit Defendant and Northern Trust in direct competition with Plaintiff, and that she retained, duplicated, and used Plaintiff's confidential information, including, but not limited to customer names, addresses, telephone numbers and private account information for the purposes of soliciting influencing or encouraging Plaintiff's customers to do business with her after she left the employment of Plaintiff.  These vague, albeit intriguing, references are not sufficient factual allegations to meet the *Twombly* standard. While Plaintiff is not required to plead detailed facts to state a breach of contract claim, it must plead sufficient facts concerning the contacts with clients regarding solicitation. Defendant should not be compelled to discern from Plaintiff's information and belief the meaning of direct and indirect solicitation on Plaintiff's information and belief; Defendant must be given sufficient notice of the basis for this claim; information and belief is simply too speculative to do so.

**Tortious Interference with Business Expectancy (Count II)**

Defendant moves to dismiss Count II asserting that Plaintiff fails to allege sufficient facts to state claims for tortious interference with a business expectancy, but rather merely asserts legal conclusions tracking the elements of the prima facie cases.

To state a claim for intentional interference with a business expectancy under Missouri law, a plaintiff must establish (1) a contract or valid business relationship or expectancy; (2) defendant's knowledge of the contract, relationship or expectancy; (3) intentional interference by the defendant inducing or causing a breach of the contract, relationship or expectancy; (4) absence of justification; and (5) damages resulting from defendant's conduct. *Healthcare Services of the Ozarks, Inc. v. Copeland*, 198 S.W.3d 604, 614 (Mo. 2006); *Pony Computer, Inc. v. Equus Computer Sys. of Missouri, Inc.*, 162 F.3d 991, 998 (8th Cir. 1998) (citing *Rice v. Hodapp*, 919 S.W.2d 240, 245 (Mo. 1996) (en banc)); see also *Community Title Co. v. Roosevelt Fed. Sav. and Loan Ass'n*, 796 S.W.2d 369, 372 (Mo. 1990) (en banc).

Once again, Plaintiff pleads on information and belief that Defendant interfered with its relationships with its clients by directly or indirectly attempting to induce clients to sever their relationships with Plaintiff. Defendant cannot ascertain from these allegations whether Plaintiff is attempting to claim that

Defendant has "directly and/or indirectly" contacted all of Plaintiff's clients, only those with whom Defendant formerly had dealings, or certain clients. While it is not necessary to specifically list the clients with whom Plaintiff believes Defendant had contact, the scope of the alleged interference must give Defendant some perimeters within which to formulate a response. The allegations contained in the Petition are simply too broad and conclusory to notify Defendant of the claims she must defend.

**Misappropriation of Trade Secrets (Count III)**

Plaintiff claims that Defendant misappropriated Plaintiff's trade secrets. Plaintiff's allegations are once again speculative with regard to Defendant's actions. Plaintiff speculates that Defendant kept information and used the information to directly or indirectly solicit Plaintiff's clients to transfer their accounts. Such speculation cannot withstand challenge. While Plaintiff may have a confidential and proprietary interest in its customer's information, merely "believing" Defendant kept the information and believing she used that information is insufficient to state a claim beyond the speculative level.

## Conclusion

In sum, the Petition fails to plausibly allege the claims for which Plaintiff seeks relief.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 9], is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff may file a motion to amend within 14 days from the date of this Opinion, Memorandum and Order for the Court's consideration.

Dated this 9th day of July, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE